THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEIMING SUN, ) | |
| ) | |
|     *Plaintiff*, ) | No. 24 C 09356 |
| v. ) | |
| ) | Chief Judge Virginia M. Kendall |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE A, ) | |
| ) | |
|     *Defendants*. ) | |

**OPINION AND ORDER**

Defendant FUCHENG Co., Ltd ("FUCHENG") has moved to dismiss Plaintiff Weiming Sun's ("Sun") Complaint alleging violations of the United States Patent Act for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). (Dkt. 25). Sun did not respond to the motion or submit any affidavits supporting jurisdiction over FUCHENG. The Court grants the Motion to Dismiss. [25].

**BACKGROUND**

Weiming Sun is an individual based in Guanzhou, China who owns a United States patent for a retractable dog water bottle. (Dkt. 1 ¶¶ 4–5). He brought this action under Title 35 of the United States Code—the U.S. Patent Act—alleging several individuals and entities based in China and other foreign jurisdictions are selling products online that infringe upon Sun's patent. (*Id.* ¶ 8). Sun's complaint further alleges that Defendants are "interrelated" and "working in active concert" to manufacture and sell the infringing products in the United States through online marketplaces. (*Id.* ¶ 9). Sun identifies FUCHENG as a Defendant that sells an infringing product through Walmart's online marketplace. (Dkt. 4 at 2). Based on screenshots submitted with Sun's complaint, purchasers in Illinois can have FUCHENG's allegedly infringing product shipped directly to them. (Dkt. 5 at 52–53).

Sun provided some facts in his complaint to support this Court's personal jurisdiction over the various Defendants, including FUCHENG. He states the Defendants operate fully interactive internet stores that target consumers in the United States, and Illinois specifically. (Dkt. 1 ¶ 2). These internet stores offer shipping to the State of Illinois, and accept payment in U.S. dollars. (*Id.*) Finally, Sun alleges that each Defendant has sold the allegedly infringing products to Illinois residents. (*Id.* ¶¶ 2, 8). The Court issued a Temporary Restraining Order against all Defendants, including FUCHENG, on October 15, 2024. (Dkt. 9). A Preliminary Injunction followed on November 19, 2024. (Dkt. 19).

This case is typical of the numerous online counterfeiting matters being litigated in this district. It has one rarity, though, because one of the defendants has both appeared and meaningfully contested Sun's claims. *See Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2021 WL 825668, at *1 (N.D. Ill. Mar. 4, 2021) ("Because the vast majority, if not all, of the defendants are located abroad, the initial proceedings are *ex parte*, and service by electronic means is usually permitted, it is rare for defendants to appear and contest the claims asserted in these cases.").

On December 6, 2024, FUCHENG's attorney, He Cheng, entered an appearance and filed a Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. 25). A briefing schedule was set on December 11, 2024, indicating Sun was to file his response to FUCHENG's Motion to Dismiss by December 18, 2024. (Dkt. 31). Despite otherwise participating in the litigation, Sun did not respond by the December 18 deadline and has yet to file anything on the motion in the nearly three months since that date passed. FUCHENG's motion asserts it lacks sufficient contacts with the state of Illinois for this Court to assert personal jurisdiction over the entity. (Dkt. 25 at 1). Along with the motion, FUCHENG's owner, Chengjun

Fu, submitted a declaration under the penalty of perjury. (Ex. 1, Dkt. 25-1 (Fu Declaration)). Fu attests that "[a]fter a diligent search of sales records, it is confirmed that FUCHENG has never sold or shipped any accused products to Illinois." (*Id.* ¶ 5). [1] After Sun failed to respond to the Motion to Dismiss, FUCHENG filed a Reply again urging the Court to dismiss Sun's claim against it. (Dkt. 37).

### **STANDARD OF REVIEW**

A plaintiff's complaint does not need to set forth facts supporting personal jurisdiction over a defendant. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). But once a defendant moves to dismiss the plaintiff's complaint under Fed. R. Civ. P. 12(b)(2), the plaintiff inherits the burden of demonstrating the Court has personal jurisdiction over the moving party. *Id.*; *see Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When ruling on a defendant's motion to dismiss based on written submissions, the plaintiff is only required to make a "*prima facie* case of personal jurisdiction." *Purdue Research Found.*, 338 F.3d at 782 (quotations omitted) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir.2002)).

In briefing a motion to dismiss for lack of personal jurisdiction, each party is afforded an opportunity to submit affidavits or declarations either challenging or supporting jurisdiction. The Court takes all well-pleaded facts in the complaint as true and resolves factual disputes in the Plaintiff's favor. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). The plaintiff cannot rest on the jurisdictional facts included in their complaint alone, however, when those facts are challenged by declaration. Instead, "[p]laintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *United Airlines, Inc. v. Zaman*,

---

[1] Fu also notes in the declaration that FUCHENG does not own or lease any property in Illinois, has no employees in Illinois, and has never engaged in marketing in Illinois. (Ex. 1, Dkt. 25-1 ¶¶ 3–4).

3

152 F. Supp. 3d 1041, 1045 (citing *Purdue Research Found.*, 338 F.3d at 783). Critically, the Court must "accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009); *see also Zaman*, 152 F. Supp. 3d at 1045; *First Nat'l Bank v. El Camino Res.*, 447 F. Supp. 2d 902, 905 (N.D. Ill. 2006).

## DISCUSSION

Personal jurisdiction can take the form of either general or specific jurisdiction. There is no real question that the Court does not have general jurisdiction over FUCHENG. General jurisdiction only exists when a defendant's contacts with the forum state are "sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). The "maintenance of a public Internet website" is insufficient to establish personal jurisdiction. *Id.* The Court takes FUCHENG's unrefuted contentions that it has not sold any of the infringing products to Illinois consumers and has no employees, real estate, or other meaningful ties here as true. (Ex. 1, Dkt. 25-1 ¶ 5). The only jurisdictional facts that remain are that FUCHENG operates an online marketplace through Walmart.com; that the marketplace is accessible in Illinois; and that Illinois consumers can, at least hypothetically, purchase the infringing product from FUCHENG and have it shipped to them in the state. (Dkt. 1 ¶ 8). These contacts not enough to render FUCHENG "at home" and general jurisdiction therefore does not apply. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

With general jurisdiction off the table, the real question is whether Sun has made a *prima facie* showing that the Court has specific jurisdiction over FUCHENG. First, it bears repeating that Sun made no effort to respond to FUCHENG's Motion to Dismiss and the Court can only accept the well-pleaded facts in his complaint that have not been controverted by FUCHENG's post-

4

complaint submissions. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments . . . ." (alteration in original) (quotation omitted)). Specific jurisdiction is available as a constitutional matter when "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The Court's exercise of personal jurisdiction over a defendant must also comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Evidence of FUCHENG's Illinois contacts is exceedingly limited. After taking FUCHENG's attestation that it has never sold or shipped a product to an Illinois consumer as true, Sun's jurisdictional argument boils down FUCHENG being "ready, willing, and able" to ship its products here. *Rubik's Brand*, 2021 WL 825668 at *2. This case is virtually identical to *Rubik's Brand*, where the Court found the Defendant's Illinois contacts did not establish specific jurisdiction. 2021 WL 825668, at *4. Other Courts have agreed with the *Rubik's Brand* analysis. *See, e.g.*, *MSM Design & Eng'g LLC v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 2021 WL 3187706, at *3 (N.D. Ill. July 28, 2021).

Sun has submitted a screenshot of FUCHENG's Walmart posting that seems to establish an Illinois consumer *could* place an order if he or she wanted. But this hypothetical falls short of establishing sufficient in-state contacts to confer jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) (noting "the interactivity of a website is a poor proxy for adequate in-state contacts" and should not "open a defendant up

5

to personal jurisdiction in every spot on the planet where that interactive website is accessible"); *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558–59 (7th Cir. 2011) (Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market." (emphasis in original)). There is no evidence that FUCHENG specifically targeted the Illinois market. As Fu's declaration makes plain, there have been no sales of the allegedly infringing product in the state. While extensive sales or marketing activity could confer jurisdiction over an online retailer based in a foreign jurisdiction, Sun has submitted no evidence to suggest that is the case here. The only real evidence in the record is a single screenshot suggesting FUCHENG's Walmart.com store can be accessed in Illinois, which is likely true in all fifty states.

Personal jurisdiction based on online contacts alone is a difficult question requiring a careful analysis to ensure defendants are not "haled into court simply because [they] own[] or operate[] a website that is accessible in the forum state." *Curry v. Rev. Labs., LLC*, 949 F.3d 385, 400 (7th Cir. 2020). While the operation of an interactive website, with more, could serve to establish purposefully directed business activities, there is no "more" here. The few uncontroverted facts from Plaintiff's complaint the Court has on which to base its decision do not establish sufficient contacts with Illinois to satisfy due process. Sun has not met his burden to defeat FUCHENG's Rule 12(b)(2) motion.

**<u>CONCLUSION</u>**

For the reasons set forth above, the Court grants FUCHENG's Motion to Dismiss for Lack of Jurisdiction [25] without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: March 5, 2025